UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


VIRGIL JOHNSON                                                                              PLAINTIFF


v.                                                      CIVIL ACTION NO. 3:16-CV-00046-CRS


CIRCLE K STORES, INC.
and
EXEL, INC.                                                                                  DEFENDANTS


**<u>MEMORANDUM OPINION</u>**

I.  <u>Introduction</u>

Virgil Johnson filed this personal injury action against Circle K Stores, Inc. ("Circle K")

and Exel, Inc. ("Exel"). State Ct. R. 2, ECF No. 1-1. Circle K and Exel filed cross-claims against

each other. *Id.* at 30, 33. Circle K removed the action to this Court. Not. Removal, ECF No. 1.

The instant matter is before the Court on Circle K's motion for summary judgment, ECF No. 12.

Johnson responded, ECF No. 15. Circle K replied to Johnson's response, ECF No. 17. Exel also

responded, ECF No. 19. Circle K replied to Exel's response, ECF No. 20. For the reasons stated

below, the Court will deny Circle K's motion for summary judgment.

II.  <u>Legal Standard</u>

A party moving for summary judgment must show that "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The Court must determine whether there is a genuine issue for trial. *Anderson v. Liberty

Lobby*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when "there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* The Court

must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

III.    Facts

On August 24, 2014, Johnson approached the pastry cabinet inside Defendant Circle K's store to purchase a brownie. Johnson Dep. 10–11, ECF No. 13-1. When he could not find any brownies, he stood squarely in front of the cabinet for two minutes while he debated whether he wanted a different type of pastry. *Id.* at 11–12. When he turned to walk away, he took one step and tripped over pastry crates that had been placed on the floor behind him. *Id.* at 11. Johnson testified that the crates were not there when he approached the cabinet. *Id.* at 13, 16. He thought they must have been placed behind him while he was looking in the cabinet. *Id.* Nobody warned Johnson that the crates were being placed behind him. *Id.* at 20. He testified that he would not have fallen had the crates not been placed behind him without his knowledge. *Id.*

Circle K Assistant Manager Kelly Rich witnessed Johnson's fall. Rich Dep. 6, 9, ECF No. 13-2. The pastry cabinet was directly in front of the cashier station, where Rich was standing at the time that Johnson fell. *Id.* at 9; *see also* Johnson's Resp. Ex. A, ECF No. 15-2. Rich testified, "He was in the doughnut case getting the brownies that he always got. When he backed up out of the doughnut case, he backed – he stepped back and kind of turned around and put his foot in the crate, and the crate slid, and he fell." Rich Dep. 9, ECF No. 13-2. Rich did not see the crates on the floor before Johnson fell. *Id.* at 24. Rich testified that, as a member of management at Circle K, she was responsible for safety in the store. *Id.* at 35. She stated that she had been trained to avoid placing things in the aisles at Circle K because to do so would create a safety and tripping hazard. *Id.* at 33.

Defendant Exel was responsible for stocking the pastry cabinet in the Circle K. *Id.* at 17. Exel provided these services to Circle K pursuant to the Transportation and Crossdock Agreement ("the agreement"). Agreement 1, ECF No. 12-5. Exel delivery drivers would bring in crates full of doughnuts, brownies, and other pastries everyday around 2:00 or 3:00 p.m. Rich Dep. 13, 17, ECF No. 13-2.

Rich testified that an Exel delivery driver was making a delivery at the time Johnson fell. *Id.* at 14. This Exel delivery driver was a different driver than usual, although he had delivered to this Circle K location before then. *Id.* at 42. This Exel delivery driver placed the crates over which Johnson tripped flat on the floor in the aisle between the pastry cabinet and the sandwich cabinet. *Id.* at 21. Rich testified that Exel delivery drivers would typically place the crates on the ground standing up, rather than placing them flat on the floor. *Id.* at 38. Rich had never previously seen crates placed in that location. *Id.* at 36–37. She testified that their placement on the ground was dangerous. *Id.* at 24.

The agreement between Circle K and Exel provides:

> Each party hereto . . . shall indemnify, defend and hold harmless the other Party . . . . from and against all liabilities, claims, suits, demands, appeals, actions . . . of any kind . . . from third parties arising out of or in connection with . . . injury to . . . . any person . . . to the extent caused by or resulting from such Party's negligent acts or omissions, or those of Its employees, except to the extent caused by the negligent acts or omissions of Indemnitee.

Agreement § 7.1, ECF No. 12-5.

IV.   Discussion

Circle K argues that it is entitled to summary judgment because (1) the actions of the Exel delivery driver were the superseding cause of Johnson's fall and (2) Exel contracted to indemnify Circle K in the agreement. Mem. Supp. Mot. Summ. J. 4–6, ECF No. 12-1. Exel opposes Circle K's motion and argues that (1) discovery is not complete because it has not been

able to contact the Exel delivery driver, who will testify that he placed the crates in the location specified by Circle K, (2) Circle K had a non-delegable duty to make the premises safe for Johnson, (3) the actions of the Exel driver was not a superseding cause of Johnson's fall, and (4) Circle K is not entitled to contractual indemnity for injuries caused by its own negligence. Exel's Resp. Opp. Mot. Summ. J. 2–4, ECF No. 19. Johnson opposes Circle K's motion and argues that (1) he has met his prima facie burden of showing that Circle K might be liable under a premises liability theory, (2) the actions taken by Exel do not rise to the level of a superseding cause to relieve Circle K of its liability, and (3) the agreement between Circle K and Exel does not relieve Circle K of liability for its own negligence. Johnson's Resp. Opp. Mot. Summ. J. 6–14, ECF No. 15-1.

A. <u>Whether the Exel Delivery Driver's Anticipated Testimony Creates a Genuine Issue of Material Fact</u>

Exel argues that discovery is not complete in this case because its counsel has been attempting to locate the Exel delivery driver on the day Johnson fell. Exel's Resp. Opp. Mot. Summ. J. 1, ECF No. 19. Based on "his photographs and excerpts from his discussions with an adjuster," Exel anticipates that the driver will testify that he placed the crates in the location specified by Circle K and that the crates were not in the aisle. *Id.* at 2. Exel asserts that the driver's anticipated testimony creates a genuine issue of material fact as to Circle K's negligence. *Id.* Circle K replies that its motion for summary judgment should only be evaluated with facts in the record, and that the driver's anticipated testimony is not in the record. Reply Exel's Resp. 1, 3, ECF No. 20.

According to Federal Rule of Civil Procedure 56(c)(1), a party asserting that a fact is genuinely disputed must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." When a party fails to properly support an assertion or fact, the court may, among other things, consider the fact undisputed. Fed. R. Civ. P. 56(e). In other words, the "'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

In this case, the deadline to complete fact discovery was December 31, 2016. Mem. Rule 16 Scheduling Conference & Order 2, ECF No. 8. Exel has presented no deposition testimony or affidavit from the driver. Rather, Exel merely states in its response that the driver "will testify that he placed the crates in a location that was different from the testimony of the other witnesses." Exel's Resp. Opp. Mot. Summ. J. 1, ECF No. 19. This bare assertion is insufficient to oppose a motion for summary judgment. Therefore, the Court will disregard the driver's anticipated testimony for purposes of this motion.

    B.  <u>Whether Circle K had a Non-Delegable Duty to Make the Premises Safe for Johnson</u>

Exel argues that Circle K had a non-delegable duty to make the premises safe for Johnson, its invitee. Exel's Resp. Opp. Mot. Summ. J. 3, ECF No. 19. But Exel points to no case law showing that Circle K's duty was non-delegable. Exel only points to *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 911 (Ky. 2013), which does not discuss delegation of landowner duties. Regardless, the Court will deny Circle K's motion for summary judgment for other reasons discussed in this memorandum opinion, and need not rely on Exel's argument here.

C.  <u>Whether Johnson Has Met His Prima Facie Burden to Defeat Summary</u>
    <u>Judgment</u>

Johnson argues that he has met his prima facie burden of showing that Circle K might be liable under a premises liability theory. Johnson's Resp. Opp. Mot. Summ. J. 6, ECF No. 15-1. He asserts that to avoid summary judgment under Kentucky law he need only prove that (1) there was a foreign object on the floor and (2) that foreign object was a substantial factor in causing his injury. *Id.* at 8 (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435 (Ky. 2003)). He argues that the burden then shifts to Circle K to prove *to the jury* that it acted with reasonable care. *Id.* Thus, he argues that since it is undisputed that he tripped and fell on a foreign object and that his injuries were caused by that fall, Circle K is not entitled to summary judgment. *Id.* at 9.

Circle K replies that the existence of a foreign object merely creates a rebuttable presumption that the premises were unsafe. Reply Johnson's Resp. 2, ECF No. 17. It asserts that it can rebut this presumption on a motion for summary judgment by showing that it acted reasonably. *Id.* at 3. Circle K argues that it acted reasonably because there was no reason for it to foresee that the Exel delivery driver would make the delivery in an unsafe manner. *Id.*

The court in *Lanier* adopted a burden-shifting approach to retail slip and fall cases. 99 S.W.3d at 436. The customer must prove that (1) "there was a foreign substance/object on the floor" and (2) "such was a substantial factor in causing his accident and injury." *Id.* at 435 (citing *Smith v. Wal-Mart Stores, Inc.*, 6 S.W.3d 829, 831–32 (Ky. 1999)). If proven, the burden shifts to the proprietor to prove that (1) "his employees did not cause the substance/object to be on the floor" and (2) "that it had been there for an insufficient length of time to have been discovered and removed or warned of by his employees." *Id.* Finally, although "foreseeability and breach are generally fact issues for the jury," summary judgment is still available to the defendant if "it

would be unreasonable for a jury to find breach or causation." *Id.* at *3 (internal quotation marks omitted).

Johnson has met his prima facie case here. There was a foreign object on the floor because both Johnson and Rich testified that there was a crate placed flat on the floor behind Johnson. Johnson Dep. 11, 13, 16, ECF No. 13-1; Rich Dep. 21, ECF No. 13-2. The crate was a substantial factor in causing Johnson's injury because Johnson testified that he would not have fallen if the crate had not been placed behind him without his knowledge. Johnson Dep. 20, ECF No. 13-1. Circle K does not otherwise dispute that Johnson's fall caused his injuries. This undisputed evidence is sufficient to meet Johnson's prima facie burden.

But Johnson is incorrect when he asserts that meeting this burden alone is enough to defeat Circle K's motion for summary judgment. Instead, the burden shifts to Circle K to show that it acted reasonably. *See Wiley v. Sam's Club, Inc.*, No. 3:14-CV-54-GNS, 2015 WL 3687440, at *2 (W.D. Ky. June 12, 2015). This determination can be made by this Court if it finds that "it would be unreasonable for a jury to find breach or causation." *See id.* at *3.

It is unclear whether Circle K has met its burden of showing that the crates were sitting behind Johnson for an insufficient amount of time, such that Circle K was unable to have discovered and removed them or warned Johnson. Johnson was standing at the pastry cabinet for two minutes. Johnson Dep. 11–12, ECF No. 13-1. The cabinet was located directly in front of the cashier station, where Rich was standing at the time of Johnson's fall. Rich Dep. 6, 9, ECF No. 13-2; *see also* Johnson's Resp. Ex. A, ECF No. 15-2. Rich testified that, as a member of management, she was responsible for safety in the store and that she had been trained that placing items in the aisle was a safety hazard. Rich Dep. 33, 35, ECF No. 13-2. But she also testified that she did not notice the crates on the floor before Johnson fell. *Id.* at 24. She thus did

not warn Johnson that the crates were being placed behind him. Johnson Dep. 20, ECF No. 13-1. Based on these facts, it is uncertain whether a jury would be unreasonable in finding a breach of duty on the part of Circle K.

Circle K apparently puts forth the idea that the crates were an open and obvious condition. Reply Johnson's Resp. 3, ECF No. 17. Where a condition is open and obvious, there is no duty to warn of the condition. *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 393 (Ky. 2010). Under the open and obvious doctrine, a proprietor will not be liable if it "is deemed to have acted reasonably under the given circumstances." *Wiley*, 2015 WL 3687440, at *2 (citing *Shelton*, 413 S.W.3d at 911). "The key is foreseeability—if a 'land possessor could reasonably foresee that an invitee would be injured by the danger,' then it is liable irrespective of the obviousness of the condition." *Id.* (citing *McIntosh*, 319 S.W.3d at 392). But Circle K asserts that the crates were open and obvious without any facts supporting this assertion. This legal conclusion is insufficient on a motion for summary judgment. Therefore, this Court will rely on the analysis above, as set forth in *Lanier*.

The Court determines that it is unclear whether a jury would be unreasonable in finding a breach of duty on the part of Circle K. Because Circle K has not rebutted Johnson's prima facie case of premises liability, summary judgment is inappropriate at this time.

D. <u>Whether Exel's Actions were a Superseding Cause of Johnson's Fall to Relieve Circle K of Liability</u>

Circle K argues that Exel's actions were a superseding cause of Johnson's fall, and so Circle K is not liable for Johnson's injuries. Mem. Supp. Mot. Summ. J. 4–5, ECF No. 12-1. Both Exel and Johnson disagree, arguing that because Exel routinely made deliveries, its actions were foreseeable to Circle K, and thus were not a superseding cause. Exel's Resp. Opp. Mot. Summ. J. 3–4, ECF No. 19; Johnson's Resp. Opp. Mot. Summ. J. 9–11, ECF No. 15-1.

In Kentucky, a superseding cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Briscoe v. Amazing Prods., Inc.*, 23 S.W.3d 228, 229 (Ky. Ct. App. 2000) (citations omitted). A superseding cause has the following attributes: (1) "an act or event that intervenes between the original act and the injury;" (2) "the intervening act or event must be of independent origin, unassociated with the original act;" (3) "the intervening act or event must, itself, be capable of bringing about the injury;" (4) "the intervening act or event must not have been reasonably foreseeable by the original actor;" (5) "the intervening act or event involves the unforeseen negligence of a third party [one other than the first party original actor or the second party plaintiff] or the intervention of a natural force;" and (6) "the original act must, in itself, be a substantial factor in causing the injury, not a remote cause. The original act must not merely create negligent condition or occasion; the distinction between a legal cause and a mere condition being foreseeability of injury." *NKC Hosps., Inc. v. Anthony*, 849 S.W.2d 564, 568 (Ky. Ct. App. 1993). To be a superseding cause, the intervening act must be of an "extraordinary, unforeseeable nature." *Briscoe*, 23 S.W.3d at 229 (citing *Montgomery Elevator Co. v. McCullough, Ky.*, 676 S.W.2d 776 (1984)).

The element in dispute is foreseeability. Circle K argues that the Exel delivery driver's actions were unforeseeable because they were atypical of normal operating procedure and were a departure from Circle K's expectations. Mem. Supp. Mot. Summ. J. 5, ECF No. 12-1. Exel and Johnson respond that because Exel made regular deliveries to this store, the placement of the crates flat on the floor was foreseeable. Exel's Resp. Opp. Mot. Summ. J. 4, ECF No. 19; Johnson's Resp. Opp. Mot. Summ. J. 10, ECF No. 15-1. Johnson adds that because Circle K

trained its employees not to place things in the aisles, it must have foreseen an accident such as this one. Johnson's Resp. Opp. Mot. Summ. J. 10–11, ECF No. 15-1.

The Court finds that, while the Exel delivery driver's placement of the crates flat on the floor behind Johnson was an intervening act, it was not of an "extraordinary, unforeseeable nature" so as to make it a superseding cause. *See Briscoe*, 23 S.W.3d at 229. The evidence shows that Exel delivered pastries to this Circle K location every day. Rich Dep. 13, 17, ECF No. 13-2. The Exel delivery driver on the day Johnson fell placed the crates flat on the floor, rather than standing them up as was typical. *Id.* at 14, 21, 38. Rich testified that she had never seen crates placed in that location before. *Id.* at 36–37. But Circle K trained its employees to avoid placing items in the aisles because to do so would be a "safety hazard." *Id.* at 33. Rich testified that, as a member of management, she was responsible for safety in the store. *Id.* at 35. This evidence indicates that Circle K was aware of the risk that an Exel delivery driver might pose by placing crates flat on the floor in the aisle. The idea that a delivery driver might place these crates flat, rather than standing up, is one that Circle K appears to have considered and attempted to prevent. Thus, the act of placing the crates flat on the floor was foreseeable, rather than extraordinary, and was not a superseding cause.

### E. Whether Exel Agreed to Indemnify Circle K for its own Negligence

Circle K argues that it is entitled to contractual indemnity because the agreement contains an indemnification provision. Mem. Supp. Mot. Summ. J. 6, ECF No. 12-1. Exel and Johnson both respond that Circle K is not entitled to contractual indemnity because Exel did not agree to indemnify Circle K for Circle K's own negligence. Exel's Resp. Opp. Mot. Summ. J. 4, ECF No. 19; Johnson's Resp. Opp. Mot. Summ. J. 11–14, ECF No. 15-1.

In Kentucky, "[t]he nature of an indemnitor's liability under an indemnity contract shall be determined by the provisions of the indemnity agreement itself." *U.S. Fid. & Guar. Co. v. Napier Elec. & Constr. Co., Inc.*, 571 S.W.2d 644, 646 (Ky. Ct. App. 1978). The agreement between Circle K and Exel provides that each party will indemnify the other party for injuries caused by the indemnitor's negligence. Agreement § 7.1, ECF No. 12-5. But the agreement also provides that each party will not indemnify the other party for injuries caused by the negligence of the indemnitee. *Id.* Thus, Exel did not agree to indemnify Circle K for Circle K's own negligent acts. Because the Court finds that there is a question as to whether Circle K itself was negligent, Circle K is not entitled to summary judgment on the basis of contractual indemnity.

## V. Conclusion

The Court will deny Circle K's motion for summary judgment. The Court will enter an order in accordance with this opinion.

April 20, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**